The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of the deputy commissioner and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties were subject to and bound by the North Carolina Workers' Compensation Act.
2. The Charlotte-Mecklenburg Hospital Authority is a duly qualified self-insured and Trigon Administrators are the third party administrators.
3. On or about October 2, 1994, an employee-employer relationship existed between the plaintiff and the defendant-employer.
4. Plaintiff's average weekly wage was to be determined from a proffered Form 22 wage chart.
5. Defendant paid benefits totaling $24,295.08 through an employer-funded disability plan from November 28, 1995 through the end of December 1996 and plaintiff was continuing to receive benefits at the time of the hearing before the Deputy Commissioner.
6. A Form 22 wage chart marked as stipulated exhibit 1 was received into evidence.
7. A set of medical records marked as stipulated exhibit 2 was received into evidence.
8. Subsequent to the hearing, the parties submitted an index of medical records. These records were marked as stipulated exhibit 3 and received into evidence.
***********
Based upon all of the competent evidence in the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On October 2, 1995, the plaintiff worked for the defendant-employer as a registered nurse in the delivery room at the University Hospital.
2. On October 2, 1995, plaintiff was performing her regular job duties as a registered nurse when she provided medical assistance to a 5 foot 3 inch, 263 pound expectant mother in the delivery of a child. Plaintiff along with a hospital physician gave the expectant mother a high dose epidural causing the patient to not be able to assist the plaintiff in the lifting of her right leg. During the delivery, plaintiff held the patient's right leg with her left arm during each contraction for a period of thirty minutes. After the delivery of the child, plaintiff began experiencing an ache in her left shoulder.
3. Plaintiff began the process of administering an epidural to the patient described above with the expectation that the patient was going to deliver the child pursuant to a Cesarean section. It was not unusual to administer a high dosage epidural resulting in total immobility to a patient who delivers a child following a Cesarean section.
4. The patient described above unexpectedly gave birth to her child vaginally.
5. It was unusual for the expectant mother to be unable to assist the plaintiff at all in holding her legs up during the process of a vaginal birth.
6. As a result of the October 2, 1995 incident when the plaintiff held up the leg of a woman in labor for an extended period of time, plaintiff sustained a left shoulder rotator cuff tear.
7. The set of circumstance whereby plaintiff injured her left shoulder while holding a patient's leg up unassisted during a vaginal birth constitutes an interruption of the plaintiff's regular work routine and the introduction of an unlooked for and untoward event which was not expected or designed by the plaintiff.
8. As a result of the October 2, 1995 incident when the plaintiff held up the leg of a woman in labor for an extended period of time, plaintiff underwent a debridement of her left shoulder rotator cuff and an arthroscopic subacromial decompression on January 5, 1996.
9. On May 29, 1996, plaintiff sustained a non work-related vehicular accident whereby she sustained injuries to her left shoulder, neck and both knees.
10. Plaintiff's work-related left shoulder injury had not healed prior to the May 29, 1996 motor vehicle accident. Plaintiff sustained a setback in the healing of her left shoulder as a result of this vehicular accident.
11. As a result of the October 2, 1995 incident when the plaintiff held up the leg of a woman in labor for an extended period of time, plaintiff was unable to earn any wages for the time period beginning October 11, 1995 through October 25, 1996.
12. Plaintiff's continuing disability after October 25, 1996 has been the result of a knee injury unrelated to the October 2, 1995 work-related incident.
13. As of October 25, 1996, plaintiff reached maximum medical improvement with regard to her work-related left shoulder injury.
14. As a result of October 2, 1995 incident when the plaintiff held up the leg of a woman in labor for an extended period of time, plaintiff sustained a ten percent permanent partial impairment to her right arm.
15. As of October 2, 1995, plaintiff's average weekly wage was $887.89.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On October 2, 1995, plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer when she injured her left shoulder while performing the work assigned. Plaintiff was not doing her usual job in her usual way and the circumstances leading to her injury constituted an interruption of her usual work routine. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation benefits at the rate of $478.00 per week beginning October 11, 1995 through October 25, 1996. N.C. Gen. Stat. §97-29.
3. Plaintiff is entitled to permanent partial disability compensation at a rate of $478.00 per week for twenty-four weeks for the permanent impairment to her left arm. N.C. Gen. Stat. §97-31(13).
4. The defendant-employer is entitled to credit for payments made to the plaintiff under the long term disability program fully funded by the defendant-employer. N.C. Gen. Stat. § 97-42.
5. Plaintiff is entitled to have the defendants provide all medical treatment arising from this injury by accident to the extent it tends or tended to effect a cure, give relief, or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to the plaintiff temporary total disability compensation at a rate of $478.00 per week beginning October 11, 1995 through October 25, 1996. This amount has accrued and shall be paid in a lump sum subject to the credit that defendant-employer shall receive for payments of long term disability benefits to the plaintiff and subject to the attorney's fee approved below.
2. Defendants shall pay to the plaintiff permanent partial disability compensation at a rate of $478.00 per week for twenty-four weeks. This amount has accrued and shall be paid in lump sum directly to plaintiff subject to the attorney's fee approved below.
3. Defendant shall pay all medical expenses incurred or to be incurred for the treatment of the injury to plaintiff's left shoulder resulting from the October 2, 1995 injury by accident.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph 1 and 2 of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent of the lump sums due plaintiff shall be deducted from those sums and paid directly to plaintiff's counsel.
5. Defendants shall pay the costs due this Commission.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ LAURA K. MAVRETIC COMMISSIONER
J. Howard Bunn participated in the Full Commission's original review hearing, but retired prior to this decision on remand from the North Carolina Court of Appeals.
J. HOWARD BUNN, Jr. CHAIRMAN
BSB:jcb